IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY DUNTE BAILEY, | § | |
| TDCJ-CID NO. 1441402, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-12-3432 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Anthony Dunte Bailey, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2007 state court felony conviction. The Court will dismiss the pending petition because it is time-barred.

### I.    PROCEDURAL HISTORY

On June 7, 2007, the 339th Criminal District Court of Harris County, Texas, accepted petitioner's negotiated guilty plea to possession of a controlled substance in cause number 1104296, found him guilty of the same, and assessed punishment at twenty-five years confinement in TDCJ-CID. (Docket Entry No.1, pages 2-3). The First Court of Appeals for the State of Texas affirmed the judgment of the state district court in an unpublished opinion. *Bailey v. State*, No. 01-07-00502-CR, 2008 WL 5178566 (Tex. App.—Houston [1st Dist.], December 11, 2008) (not designated for publication). Although petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days after the First Court of Appeals for the State of Texas affirmed the judgment of the state district court. TEX. R. APP. PROC. 68.2(a). Thus, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the appellate court's judgment was entered, on or about January 12, 2009. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his first state

1

habeas application on January 17, 2012, in the state district court,[1] which the Texas Court of Criminal Appeals dismissed as non-compliant on March 28, 2012.[2]  Petitioner filed his second state habeas application in state district court on April 30, 2012.[3]  The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on July 11, 2012.  (Docket Entry No.1, page 4).

Petitioner executed the pending petition for a federal writ of habeas corpus on November 13, 2012.  (*Id.*, page 13).  Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  Petitioner seeks federal habeas relief on the ground that his sentence exceeds the statutory punishment range for a third degree felony.  (Docket Entry No.1, pages 6-9).

## II.   ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=KGxnwhzfR  (viewed December 10, 2012).

[2] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2479554 (viewed December 10, 2012).

[3] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=KGxnwhzfR (viewed December 10, 2012).

> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).  This Court may therefore properly determine at the outset whether petitioner's petition is timely or not.  As noted above, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after his conviction was affirmed by the intermediate court of appeals, on or about January 12, 2009. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13.1.  That date triggered the one-year limitations period which expired on January 12, 2010.

Petitioner's federal habeas corpus petition, filed on November 13, 2012, is therefore untimely.  Petitioner's state habeas applications were filed after limitations expired; therefore, the tolling provisions found in § 2244(d)(2) do not apply.

Petitioner makes no argument regarding the calculation of the limitations period in his response to the Court's Order of December 12, 2012, to address the limitations issue and

3

equitable tolling, if applicable. (Docket Entry No.6). He does, however, request equitable tolling of the limitations period. (*Id*.).

The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "'E]quity is not intended for those who sleep on their rights.'" *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

Petitioner, who is a psychiatric patient, contends that he did not seek state or federal habeas relief for years after the conviction because his appointed trial counsel failed to file an appeal and he was not appointed other counsel to pursue an appeal.[4] (Docket Entry No.6,

---

[4] Petitioner received a letter from his attorney dated October 22, 2007, in which the attorney explained the appellate process and enclosed a copy of the appellate brief that he filed in the First Court of Appeals for the State of Texas. (Docket Entries No.6, page 4; No.6-1, page10). In another letter dated April 8, 2008, petitioner's attorney withdrew as counsel due to health issues and indicated that another attorney would be appointed by the court to represent petitioner. (Docket Entries No.6, page 4; No.6-1, page 12). The First Court of Appeals entered its Memorandum Opinion from petitioner's appeal on December 11, 2008. (Docket Entry No.1, page 3). Petitioner's attorney was still listed as counsel. *Bailey*, 2008 WL 5178566 at *1. Appellate court records, however, reflect that the appellate court granted a motion to withdraw counsel on June 18, 2008. http://www.search.txcourts.gov/Case.aspx?cn=01-07-00502-CR (viewed April 3, 2013).

The record is unclear whether petitioner received a copy of the Memorandum Opinion. Petitioner contends that after receipt of the letter of withdrawal from counsel, he waited for the appointment of new counsel but no new counsel was appointed. (Docket Entry No.6, page 5). He does not indicate that he contacted the intermediate appellate court regarding the outcome of his appeal or the appointment of new counsel. Appellate records, however, reflect that a letter was filed in the intermediate appellate court by the appellant on June 23, 2009. http://www.search.txcourts.gov/Case.aspx?cn=01-07-00502-CR (viewed April 3, 2013). The content of the letter and the action taken on the letter are unknown.

Petitioner indicates that he wrote the Texas Court of Criminal Appeals seeking information on the outcome of his appeal and was informed by letter dated January 20, 2010, that nothing had been filed in the Texas Court of Criminal Appeals. (Docket Entry No.6-1, page 21). On February 5, 2010, almost two years after receiving the withdrawal letter from his attorney, petitioner filed a complaint with the State Bar of Texas, in which he complained that his attorney had not appealed his conviction. (Docket Entries No.6, page 5; No.6-1, pages 14-16). In March

page 4). Petitioner's claims do not establish a basis for equitable tolling. As the Fifth Circuit has stated:

> Whether [petitioner] had effective assistance of counsel on direct appeal in state court is not relevant to the question of the tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations.

*Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *see also, Moore v. Cockrell*, 313 F.3d 880 (5th Cir. 2002) (finding counsel's delay in notifying petitioner of the result of the direct appeal does not constitute a basis for equitable tolling); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); *Felder*, 204 F.3d at 171-72 (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, illiteracy, deafness, lack of legal training and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations). Moreover, the record shows that petitioner's appointed counsel filed an appeal, which the First Court of Appeals addressed on the merits and affirmed the judgment of the state district court. *Bailey*, 2008 WL 5178566.

To the extent that petitioner contends that his psychiatric condition made him mentally incompetent to litigate his post-conviction proceedings, he fails to show that his mental impairment prevented him from managing his legal affairs or understanding his legal rights during the relevant time period. *See Fisher*, 174 F3d at 715-16; *Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232-33 (5th Cir. 1999). The mental health records attached to his response are

---

2010, petitioner was notified by the State Bar of Texas that his attorney was deceased. (Docket Entries No.6, page 7; No.6-1, page 19).

Petitioner waited almost two years after he was notified by the Texas Court of Criminal Appeals that nothing had been filed in that court before seeking state habeas relief on January 17, 2012. Unexplained delays generally make the circumstances of a case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition).

dated 2007, at least two years before the running of the AEDPA limitations period from January 12, 2009, to January 12, 2010.

Furthermore, petitioner has not shown that that he was subject to state action that impeded him from filing his petition. *See* 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *See Fisher,* 174 F.3d at 714. Accordingly, the Court finds that petitioner's federal habeas corpus petition is barred by the AEDPA's one-year limitation period.

### III.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248

(5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

## IV.    CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for writ of habeas corpus is DENIED.

2. This cause of action is DISMISSED, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

3. A certificate of appealability is DENIED.

4. All other pending motions are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 3rd day of April, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE